# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DANNER CONSTRUCTION CO., INC.,
a Florida Corporation and
GATEWAY ROLL-OFF SERVICES, LP,
a Nevada Limited Partnership,

    Plaintiffs

CASE NO.: 8:09-CV-650-T-17TBM

v.

HILLSBOROUGH COUNTY,
a political subdivision of the
State of Florida,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on the Motions to Intervene as Defendants and Memorandums of Law in Support thereof filed by Republic Services of Florida, L.P. ("Republic Services) (Dkt. 11), and Waste Management Inc. of Florida ("Waste Management") (Dkt. 20), and response thereto (Dkts. 13; 21) filed by the Plaintiffs, Danner Construction Co., Inc. and Gateway Roll-Off Services, LP (collectively, "Danner"). For the reasons set forth below, the Motions to Intervene are **GRANTED**.

## PROCEDURAL BACKGROUND

On April 7, 2009, Danner filed a complaint against Hillsborough County in the United States District Court for the Middle District of Florida. (Dkt. 1). Danner's complaint contains five (5) counts, including both state and federal causes of action for violations of antitrust laws.

On May 20, 2009, the County filed a Motion to Dismiss and incorporated Memorandum of Law, (Dkt. 10), which this Court denied on July 15, 2009 (Dkt. 22).

On May 26, 2009, Republic Services filed a Motion to Intervene and Incorporated Memorandum of Law with an attached Motion to Dismiss the Complaint (Dkt. 11). Danner filed a response to this Motion to Intervene, in which Danner argued it cannot respond to the motion. (Dkt. 13). Danner argued in this response that Republic Services failed to specifically follow the Federal Rules of Civil Procedure by filing a Motion to Dismiss instead of a responsive pleading with the motion to intervene.

On July 2, 2009, Waste Management also filed a Motion to Intervene and Incorporated Memorandum of Law with an attached Motion to Dismiss the Complaint. (Dkt. 20). Danner filed a response to this Motion to Intervene, in which Danner again refused to respond to the motion. (Dkt. 21). Danner argued in this response that Waste Management also failed to specifically follow the Federal Rules of Civil Procedure by filing a Motion to Dismiss instead of a responsive pleading with the motion to intervene.

Both Republic Services and Waste Management claim an interest in this lawsuit because they are exclusive franchisees of the County for waste disposal services within the County. Plaintiffs are attempting to invalidate the ordinance allowing the franchises, and franchises themselves, as violations of federal and state antitrust laws.

FACTUAL BACKGROUND

The following facts are taken from the Complaint in this cause:

In 2006, Hillsborough County entered into franchise agreements, effective October 1, 2006 for seven (7) years, with three (3) waste collection companies: Waste Services of Florida, Inc., Waste Management Inc. of Florida, and Republic Services of Florida, LP.

These franchise agreements were entered into under the authorization granting franchises in Chapter 83-415, Laws of Florida. Pursuant to this law, Hillsborough County created the Solid Waste Collection Ordinance (Ordinance 96-34), which was amended in 2003.

Danner asserts that under the Ordinance there are two broad classes of customers serviced by the franchisees: residential customers and commercial customers. Danner also asserts that the residential customers have their garbage and yard waste picked up at regular intervals each week and that the County sets and regulates the rates charged by the franchisees to residential customers. (Dkt. 1, p. 2). The three franchise collectors have been given designated service areas and granted the exclusive right and responsibility to provide residential collection service within its district. (Dkt. 1, p. 8). Commercial customers are required to use one of the franchise collectors to collect and dispose of the solid waste generated at its facility in the service area. (Dkt. 1, p. 9). If a commercial customer does not want to use one of the franchise collectors, it can self-haul the solid waste to a solid waste disposal facility. However, the Ordinance prohibits a commercial customer from hiring a non-franchised hauler and requires the commercial customer to utilize a mechanically uploading vehicle to dispose of solid waste at the Southeast County Landfill. (Dkt. 1, pp. 9-10). Danner claims it is "prohibitively expensive" for a commercial customer to operate its own mechanically uploading vehicle to dispose of the solid waste. (Dkt. 1, p. 10).

Danner further asserts that for commercial customers, the County provides no oversight as to rates charged, leaving the franchisees to charge the commercial customers highly inflated rates. Danner also asserts that the franchisees have been given "private regulatory power" to set the prices charged to commercial customers. (Dkt. 1, p. 2).

DISCUSSION

**I. Procedural Issues**

The procedure to be followed in filing motions for intervention requires that a **pleading** setting forth the claim or **defense** for which intervention is sought shall accompany the motion to intervene. Fed.R.Civ.P. 24(c)(emphasis added).

In this case, both Republic Services and Waste Management have filed Motions to Dismiss as attachments to their respective Motions to Intervene. Danner argues that this Court should use a strict reading of this rule and find that a motion to dismiss is not a "pleading" under the rule. Danner asserts it cannot properly respond to the motions to intervene since no responsive pleading was filed. However, this District and the Eleventh Circuit have rejected such a strict reading of Rule 24(c), eee *Petrik v. Reliant Pharmaceuticals, Inc*, 2007 WL 3283170 (M.D. Fla. 2007); *Piambino v. Bailey*, 757 F.2d 1112 (11th Cir. 1985), and this Court also rejects the strict reading argued by Danner.

In *Piambino*, the intervenor filed a motion to stay with its motion to intervene. The party objected to the motion to intervene because the intervenor did not strictly comply with Rule 24(c) and file a "pleading." The court noted that the intervenor's "motion was timely and had merit, and his failure to file a pleading in the nature of a complaint as required by Rule 24(c) was inconsequential." *Id.* at 1121. In fact, the court noted that the majority of circuits, including the Eleventh Circuit, have chosen to disregard non-prejudicial technical defects in motions to intervene and allow intervention where the motion does not prejudice the party. *Id.* Rule 24(c) requires a pleading setting forth a claim or **defense**. See Fed.R.Civ.P. 24(c) (emphasis added). "The purpose of requiring an intervenor to file a pleading is to place the other parties on notice of the position, claim, and relief sought by the

intervenor.  *WJA Realty Limited Partnership v. Nelson*, 708 F.Supp. 1268 (S.D. Fla. 1989).

This Court finds that the Motions to Intervene and the Motions to Dismiss filed by the intervenors in this action give Danner notice of the "position, claim, and relief sought." The Motions state a defense to the action, as required by Rule 24(c), and do not prejudice the Plaintiffs since the motions "clearly spell[ ] out [the intervenors'] position in this case." *Petrik*, 2007 WL 3283170 at 2.

**II. Intervention as Right**

**Federal Rule of Civil Procedure 24(a)** provides, in pertinent part, that:

> [u]pon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest unless the applicant's interest is adequately represented by existing parties.

The Eleventh Circuit has adopted a four-pronged test for evaluating requests for intervention under Rule 24(a)(2): (1) that the intervention application is timely; (2) that the intervenor has an interest relating to the property or transaction which is the subject of the action; (3) that the intervenor is "so situated that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest"; and (4) the existing parties to the lawsuit inadequately represent the interests of the intervenor. *Stone v. First Union Corp.*, 371 F.3d 1305, 1308-09 (11th Cir. 2004); **Fed. Savings & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 215 (11th Cir.1993)**; **Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir.1989)**. Once each of the four requirements are met, "the district court has no discretion to deny the motion." *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996).

Here, both Intervenors ask this Court to allow them to intervene under Rule 24(a)(2) on

the grounds that they have a legally protectable interest in franchise agreements at issue; that their ability to protect their interest would be impaired if the action was disposed in Plaintiffs' favor because they may not be able to continue under the exclusive franchise agreements or otherwise continue to provide disposal services in Hillsborough County; and, finally, that the County does not adequately represent their interest. Danner has not responded to any of these assertions by the Intervenors as discussed above.

*Timeliness of the Motions to Intervene*

The Motions to Intervene by Republic Services and Waste Management are timely. The Motions have been filed at the early stages of the lawsuit. The County has not yet filed its answer to the Complaint and discovery has not yet commenced. Therefore, there is no prejudice to Danner from any delay relating to the timeliness of these motions.

*Interest Relating to Property or Transaction which is the Subject Matter of the Action*

The Supreme Court of the United States has defined "interest" under **Rule 24** as a "significantly protectable interest." ***Donaldson v. U.S., 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971)***. In determining the sufficiency of the interest, this Circuit requires that the intervenor "must be at least a real party in interest in the transaction which is the subject of the proceeding" and "must have a direct, substantial, legally protectable interest in the proceeding." ***Worlds v. Dept. of Health and Rehabilitative Servs., 929 F.2d 591, 594 (11th Cir.1991)*** (quoting ***Athens Lumber Co. v. Fed. Election Commission, 690 F.2d 1364, 1366 (11th Cir.1982)***). "[A] legally protectable interest is something more than an economic interest"; rather the law requires that "the interest be one which substantive law recognizes as belonging to or being owned by the applicant." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). However, the Intervenors' interest does not have to "be of a

legal nature identical to that of the claims asserted in the main action." *Chiles,* **865 F.2d at 1214**.

Here, Intervenors claim that they have an interest in the exclusive franchise agreements that Danner is asking this Court to invalidate. "Property interests [such as] existing ... contracts that are threatened by the potential" results in a case qualify an applicant for intervention as a matter of right. *Sierra Club v. Espy,* **18 F.3d 1202, 1207 (5th Cir. 1994)**. The exclusive franchise agreements in this case are contracts between the County and the Intervenors. Danner has asserted that these exclusive franchise agreements are invalid and per se violations of the antitrust laws. Therefore, the intervenors have a legally protectable interest relating to the transaction which is the subject of this litigation.

*Impairment of Ability to Protect Interest upon Disposition of the Action*

Intervenors assert that invalidation of the ordinance that authorized the exclusive franchise agreements would impede or impair the Intervenors' ability to protect their franchises and continue to provide disposal services in Hillsborough County should the Court dispose of this case in favor of Danner. Further, Waste Management asserts that denial of the Motion to Intervene would deprive Waste Magement of the ability to defend its legal and economic interest in the franchise agreement and to defend against the allegations of being a participant in a per se violation of the antitrust laws. (See Dkt. 20, page 5). Therefore, both Intervenors request the Court allow them to intervene in order to protect their interests. Because Danner is asking this Court to declare that the ordinance and the exclusive franchise agreements between the County and the Intervenors are invalid and per se violations of antitrust laws, if Plaintiff receives a favorable outcome in this proceeding, the Intervenors' interest will be eliminated. Therefore, the Court finds that disposition of the action will impair or impede the Intervenors' ability to protect

their interest.

*Adequate Representation by Existing Parties*

The Supreme Court has held that the inadequate representation requirement of **Rule 24(a)(2)** "is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate," and "the burden of making that showing should be treated as minimal." ***Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)**. Intervenors argue that the County will not adequately represent their interests. Specifically, they assert that the Intervenors have a direct financial interest in preserving the exclusive franchise agreements; however, the County does not have a direct financial interest as it is not a private for-profit entity that actually provides the disposal services at issue in this case. The County's interest, as argued by the intervenors, is whether the County acted properly in enacting the enforcing statute. (See. Dkt. 11, page 5).

The government is often an inadequate representative of a private industrial litigant because the government "must represent the broad public interest, not just the economic concerns of [a given] industry." *Espy*, 18 F.3d at 1208. Furthermore, in *Centel Cable Television Co. of Fla. v. Admiral's Cove Associates, Ltd.*, 835 F.2d 1359 (11th Cir. 1988), the Eleventh Circuit upheld a cause of action by a cable franchisee because the franchisee's interest was separate and apart from the County's interest. The court noted that it was "unconvinced that Congress believed a local government would choose to spend its tax revenues fighting for the rights of the cable franchise as willingly as the franchise owner would fight for its own rights." *Id.* at 1363.

Similarly here, the Court is unconvinced that the County will fight for the right of the exclusive franchise agreements as willingly as the franchisees will fight for their own rights. The

Court agrees with the Intervenors that the County's interest is separate and different than the interest of the Intervenors' in that the Intervenors have a direct financial interest in the franchise where the County may or may not. As the Supreme Court pointed out, "the fact that the interests are similar does not mean that the approaches to litigation will be the same." *Trbovich,* 404 U.S. at 539, 92 S.Ct. 630. Moreover, the Intervenors "should be allowed to intervene unless it is clear that [Defendants] will provide adequate representation." *Chiles,* 865 F.2d at 1214 (quoting 7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1909, at 319 (2d ed.1986)).

## CONCLUSION

This Court finds that the Intervenors have met the four-pronged test established by the Eleventh Circuit for intervention by right and therefore have a right to intervene in the present case under **Rule 24(a)(2)**. Since there is a right to intervene in this matter, the Court will not address the arguments regarding permissive intervention under **Rule 24(b)(2)**. Accordingly, it is

**ORDERED** that the Motions to Intervene of Republic Services of Florida, Limited Partnership (Dkt. 11) and Waste Management Inc. of Florida (Dkt. 20) be **GRANTED**. The Clerk of the Court is **DIRECTED** to add the intervening defendants.

It is further **ORDERED** that the new Defendants file their Motions to Dismiss, if they are still at issue, in the record within five (5) days of this date. If not filing a motion to dismiss the defendant shall file an answer to the complaint within five days. The plaintiffs then have **ten** (10) days from the filing of the motions to dismiss to file responses.

DONE AND ORDERED in Chambers, in Tampa, Florida, this 17th day of August, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE