UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DANNER CONSTRUCTION CO., INC.,
a Florida Corporation and
GATEWAY ROLL-OFF SERVICES, LP,
a Nevada Limited Partnership,

       Plaintiffs

                                    CASE NO.8:09-CV-650-T-17TBM

v.

HILLSBOROUGH COUNTY
a political subdivision of the
State of Florida,

       Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO STAY (WITHOUT BOND) ALL PROCEEDINGS PENDING APPEAL

THIS CAUSE is before the Court on Defendant, Hillsborough County's ("County"), Motion

to Stay (Without Bond) All Proceedings Pending Appeal (Dkt. 26), and response thereto (Dkt. 27)

filed by the Plaintiffs, Danner Construction Co., Inc. and Gateway Roll-Off Services, LP

(collectively, "Danner"). For the reasons set forth below, the County's motion is **GRANTED**

**WITHOUT BOND.**

### PROCEDURAL BACKGROUND

On April 7, 2009, Danner filed a complaint against Hillsborough County in the United States

District Court for the Middle District of Florida. (Dkt. 1). Danner's complaint contains five (5)

counts. On May 26, 2009, County filed a motion to dismiss Danner's complaint. (Dkts. 11). On

June 11, 2009, Danner filed a response. (Dkt. 16). On July 15, 2009, this Court entered an order

denying the County's motion to dismiss Counts I and II of the complaint. (Dkt. 22). Following the order, a notice of interlocutory appeal was filed on July 30, 2009. (Dkt. 25). For the purpose of this Order, only Counts I and II, federal causes of action for violation of Section I of the Sherman Act, are determinative.

On July 30, 2009, the County filed a Motion to Stay (Without Bond) All Proceedings Pending Appeal. (Dkt. 26). The County argues that this case may not remain in federal court in the event Counts I and II, the antitrust claims, do not survive the appeal and a stay is warranted in order to promote judicial economy. *Id.* Further, a stay is warranted in order to avoid unnecessary or multiple discovery processes and prevent unnecessary expenses to the taxpayers. *Id.* Additionally, the County argues that it is exempt from the requirement of posting a bond in appellate actions based on the Florida state case *City of Miami v. Lewis*, 104 So. 2d. 70 (Fla. 3d DCA 1958). (Dkt. 26).

On August 4, 2009, Danner filed a response to the County's Motion to Stay (Without Bond) All Proceedings Pending Appeal and incorporated Memorandum of Law. (Dkt. 27). In the response, Danner argues that the County's interlocutory appeal does not satisfy the requirements of a collateral appeal. *Id.* Even if the appeal is granted, this Court is only divested of jurisdiction relating to Count I, II, and III of the complaint and this Court does have jurisdiction over the pendant state-law claims set forth in Counts IV and V. *Id.* Further, a stay is unwarranted when it appears to be taken for the purpose of delay. *Id.*

## STANDARD OF REVIEW

It is well established that district courts have inherent authority to issue stays in many circumstances. *Ortega Trujillo v. Conover & Co. Comm.*, 221 F.3d 1262, 1264 (11th Cir. 2000); *Myron v. Rodriguez*, ___ F. Supp. 2d ___, 2008 WL 516753 (M.D. Fla. 2008). Furthermore, the district court has broad discretion to stay proceeding and can authorize a stay simply as a means of

controlling the district court's docket and of managing cases before the court. *Clinton v. Jones*, 520 U.S. 681 (1997)(discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket"). The scope of the stay, including it potential duration, and the reasons cited for the stay by district court are factors to consider in determining whether a stay is "immoderate", and, thus, unlawful. *Myron*, 2008 WL 516753 at *3 (citing *Ortega Trujillio*, 221 F.3d at 1264); *CTI-Container Leasing Corp. V. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982).

## DISCUSSION

The County contends that this Court should stay all proceedings, without bond, in this case pending the interlocutory appeal it filed with the Eleventh Circuit. (Dkt. 25, 26). We agree. Danner asserts that even if the appeal is valid, it only divests this Court of jurisdiction over the federal claims, leaving this Court jurisdiction over the remaining state-law claims.

Districts courts have broad discretion to stay proceedings pending the resolution of a related case. *Ortega Trujillo*, 221 F.3d at 1264. Furthermore, a variety of situations, such as controlling the court's docket, justify granting a stay. *Id.* This Court does not abuse its discretion in granting a stay so long as the scope of the stay is limited and a reasonable justification is provided. *Id.*

The County's motion to stay the proceeding pending an appeal does not ask the Court to abuse its discretion; rather the County asks this Court to exercise its broad discretion and stay the proceeding in (1) the interest of judicial economy and (2) avoidance of unnecessary discovery and litigation expenses. This Court agrees with the County in that this case may not remain in federal court in the event Counts I and II, the antitrust claims, do not survive the appeal. Continuing litigation of the state-law claims, Counts III, IV and V, while an appeal is pending would in essence bifurcate the case. Bifurcation will increase the case load on the Courts docket. Furthermore,

bifurcation is unnecessary, due to the early nature of the proceedings in this case and will lead to increased costs of litigation. Therefore, a stay pending the interlocutory appeal is warranted in the interest of judicial economy, and avoidance of unnecessary discovery and litigation expenses.

Danner argues that this Court has jurisdiction over the state-law claims and should adjudicate those claims, despite the pending appeal. We disagree. The Court finds that it has supplemental jurisdiction over Counts III, IV, and V of the complaint due to the federal question posed by Counts I and II of the complaint. 28 U.S.C. § 1367(a) (2007) (providing that "any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy under Article III of the United States Constitution.") However, the Court may decline supplemental jurisdiction for numerous reasons, particularly if "the claim raises a novel or complex issue of State law" or when it dismisses the claims over which it had original jurisdiction. 28 U.S.C. § 1356(c) (2009). Therefore, supplemental jurisdiction does not mandate adjudication of state-law claims, but instead provides the Court with discretion. In the interest of judicial economy, and avoidance of unnecessary discovery and litigation expenses, a stay is warranted pending the appeal.

The second issue is whether the Court should require the County to post a supersedeas bond. The County contends that it is exempt from the requirement of a posting a supersedeas bond under state case law. We agree.

"The court must not require a bond . . . when granting a stay on an appeal by the United States, its officers, or its agencies or an appeal directed by a department of the federal government." Fed. R. Civ. P. 62(f). Unless required by the appellate court, the state and its political subdivisions are exempt from furnishing a supersedeas bond. *See City of Miami v. Lewis*, 102 So.2d 70 (Fla. 3d DCA 1958) (finding that counties are political subdivisions of the state). "Trial courts are afforded

broad discretion in determining whether to stay a proceeding." *Miller v. Toyota Motor Corp.,* __ F. Supp. 2d __, 2008 WL 2704492 (M.D. Fla. 2008).

While the Federal Rules of Civil Procedure exempt the federal government from posting a bond, the rules are silent as to state governments. However, in exercising its broad discretion, this Court will align with state case law and exempt the state and its political subdivisions, namely counties, from furnishing a surpersedeas bond. Therefore, this Court finds the County exempt from furnishing a supersedeas bond. Accordingly, the posting of a bond by the County is not necessary. Accordingly, it is **ORDERED** that the Motion by the County to Stay All Proceedings (Without Bond) Pending Appeal (Dkt. 26) is **GRANTED WITHOUT BOND**. This Court administratively closes this case pending the interlocutory appeal and all motions are stayed until the case is reactivated.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 24th day of Septemeber 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.